THE STATE OF NEW HAMPSHIRE

v.

DALE R. WHITING

August 15, 1985

*Gregory H. Smith,* attorney general (*Paul Barbadoro,* assistant attorney general, on the brief, and *Donald Perrault,* assistant attorney general, orally), for the State.

*Moulton, Smith, Samaha, and Vaughan,* of Littleton (*Timothy J. Vaughan* on the brief and orally), for the defendant.

BROCK, J. The issue presented in this interlocutory appeal is whether the Superior Court (*Johnson,* J.) erred in denying the defendant's motion to suppress evidence seized, when it ruled that based on pre-existing law, a good faith exception to the exclusionary rule of *State v. Ball,* 124 N.H. 226, 471 A.2d 347 (1983) should apply in this case. Because we agree with the trial court's denial of the motion to suppress, although not with its reasoning, we affirm.

On July 31, 1983, the defendant, Dale R. Whiting, while operating a motor vehicle, was involved in a single-car accident in Littleton. He and a passenger were taken to a local hospital where they were treated for injuries. Officer Dyne, the investigating officer of the Littleton Police Department, inspected the heavily damaged vehicle, which was virtually "popped open", with its hood, doors, and trunk all askew from the impact with a pole and tree. The officer detected a strong smell of alcohol on the breath of the defendant, whom he determined to have been the driver of the car. Officer Dyne also noticed a beer bottle on the front seat of the car. He then observed a hand-rolled cigarette on the floor near the driver's pedals. The officer seized the cigarette, which was later found to contain marijuana.

The defendant was charged and indicted for possession of a controlled drug, second offense. RSA 318-B:26, I(b)(2) (Supp. 1981). On

February 6, 1984, a hearing was held on the defendant's motion to suppress the evidence of the marijuana cigarette. At the hearing, Officer Dyne testified that he could not tell the difference between a hand-rolled cigarette containing tobacco and one containing marijuana; however, based on his previous training and experience, he immediately became suspicious when he observed the hand-rolled cigarette. Relying upon our decision in *State v. Ball supra*, the trial court concluded that the defendant's State constitutional rights had been violated but ruled that *Ball* was not applicable retroactively to a search which occurred before *Ball* was decided. The court found that the officer had relied in good faith on existing law and that a good faith exception to the exclusionary rule should apply. Accordingly, the defendant's motion to suppress was denied.

We disagree with the trial court that the defendant's constitutional rights under *Ball* were violated, and we therefore do not reach the question whether *Ball* applies retroactively or whether there is a good faith exception to the exclusionary rule under our State Constitution's search and seizure provision.

In *State v. Ball supra*, we held that a police officer may not seize a hand-rolled cigarette from an automobile without a warrant if the seizure is based on mere suspicion. In *Ball*, two State troopers had stopped the defendant for driving an uninspected vehicle. The testimony presented in that case indicated that the training and experience of the officers provided them with no reason to believe, beyond mere suspicion, that the hand-rolled cigarette which they observed inside the occupied car in plain view contained marijuana. We held that the seizure of the cigarette was not based on probable cause and therefore failed to satisfy the requirements of our State Constitution, thus requiring exclusion of the evidence.

In *Ball*, we held that the officer must articulate additional corroborating facts to transform mere suspicion about the contents of a hand-rolled cigarette into a reasonable belief based on probable cause. *State v. Ball*, 124 N.H. at 236, 471 A.2d at 353. Among the facts which we suggested as sufficient to corroborate such a belief would be evidence concerning the officer's relevant training and experience and the defendant's otherwise incriminating conduct. *Id.* at 236, 471 A.2d at 353–54.

In the present case, unlike *Ball*, Officer Dyne was called to the scene to investigate a serious accident involving personal injuries. The accident scene was that of a single-car accident in which the impact of the car on the pole and tree had been so substantial as to "pop open" the hood, trunk and doors. From these facts, it would have been reasonable to conclude that the driver had lost control of his car at a high speed. When the officer detected a strong smell of

alcohol on the defendant's breath and saw a beer bottle on the automobile's front seat, he had probable cause to believe that the driver was impaired by an intoxicating substance, and that the driver's impairment may have contributed to the cause of the accident. Under these circumstances, the officer, whose experience and training had otherwise made him immediately suspicious that the cigarette in plain view contained marijuana, had probable cause to seize the cigarette to determine whether it contained an intoxicating drug and whether it had in some way contributed to the driver's impairment.

*Affirmed and remanded.*

All concurred.